The UNIVERSITY CLUB, Plaintiff,

v.

The CITY OF NEW YORK, the New York City Commission on Human Rights, and Dr. Marcella Maxwell, S. Ted Antholes, Rabbi Jacob Bronner, Joyce Hunter, Glen Lau-Kee, James B. Levin, Wittie McNeil, LeRoy E. Pagano, Lydia Riviero, Julia Gared de Rodriguez, Helga Weiss Tanenbaum, Boleslaw Wierzbianski, and Andrew Wolf, Defendants.

The UNION LEAGUE CLUB, Plaintiff,

v.

The CITY OF NEW YORK, Edward I. Koch, the Mayor of the City of New York, and the City Commission on Human Rights, Defendants.

No. 86 Civ. 2330 (GLG).

United States District Court,
S.D. New York.

March 17, 1987.

LeBoeuf, Lamb, Leiby & MacRae, New York City, for University Club; by Frederick B. Lacey, Molly S. Boast, Stephen H. Orel, of counsel.

Lunney & Crocco, New York City, for Union League Club; by J. Robert Lunney, Andrew P. Saulitis, of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, New York City, for all defendants; by Dennis deLeon, Lorna Bade Goodman, Alexandra S. Bowie, Peter H. Lehner.

GOETTEL, District Judge:

The plaintiffs in these actions, the University Club ("University") and the Union League Club ("Union"), are private membership clubs located in the city of New York. The plaintiffs bring these consolidated actions [1] against the defendants, the City of New York, Mayor Edward I. Koch,[2] the New York City Commission on Human Rights (the "Commission"), and the members of the Commission.[3] The clubs seek a declaration that the 1984 amendments to the New York City Human Rights Law are unconstitutional on their face and as applied to the clubs, and seek to enjoin defendants from enforcing these amendments against the clubs. Before the Court are the defendants' motions to dismiss the complaints of both clubs, pursuant to Fed.R. Civ.P. 12(b)(6) and 12(c).

For the reasons stated below, the defendants' motions are granted and the plaintiffs' complaints are dismissed, with leave to replead a selective prosecution claim if a meaningful one can be asserted.

BACKGROUND

The New York City Human Rights Law, Administrative Code of the City of New York, Chapter 1, Title B (the "Human Rights Law") forbids

> any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of *public* accommodation, resort or amusement, because of the race, creed, color, national origin or sex of any person directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof.

*Id.* (emphasis added). The Human Rights Law expressly excludes from its definition of "public accommodation, resort, or amusement" benevolent orders, religious corporations, and those institutions, clubs, and places of accommodation that are in their nature "distinctly private."

On October 9, 1984, the New York City Council enacted Local Law 63. In pertinent part, Local Law 63 amends the Human Rights Law so that

> an institution, club, or place of accommodation *shall not be considered in its nature distinctly private* if it has more than four hundred members, provides regular meal service and regularly receives payment for dues, fees, use of space, facilities, services, meals or bever-

---

1. At oral argument on July 18, 1986, the Court granted defendants' motion to consolidate plaintiffs' actions.

2. Mayor Koch is named as a defendant only in the Union League Club's complaint.

3. The members of the Commission are named as defendants only in their official capacity, and are only so named by University.

ages directly or indirectly from or on behalf of nonmembers for furtherance of trade or business.

Local Laws of the City of New York for the Year 1984, § 2 (emphasis added). Local Law 63 retains the express exemption for religious corporations and benevolent orders contained in the Human Rights Law. *Id.*

The objective of Local Law 63 is to eliminate invidious discrimination in clubs that are not distinctly private. The legislative declaration calls attention to the fact that

[o]ne barrier to the advancement of women and minorities in the business and professional life of [New York City] is the discriminatory practices of certain membership organizations where business deals are often made and personal contacts valuable for business purposes, employment, and professional advancement are formed.

While such organizations may avowedly be organized for social, cultural, civic or educational purposes, ... the commercial nature of some of the activities occurring therein and the prejudicial impact of these activities on business, professional and employment opportunities of minorities and women cannot be ignored.

Legislative Declaration, Local Laws of the City of New York for the Year 1984, § 1.

Immediately upon its enactment, Local Law 63 was attacked. On October 24, 1985, the day the law became effective, the New York State Club Association ("NYSCA"), whose members include plaintiffs, sued the City of New York, the Mayor of New York, and the Commission on Human Rights in New York State Supreme Court to have the law declared unconstitutional.[4]

NYSCA claimed that some of its member clubs met the criteria set forth in Local Law 63, and would therefore not be deemed distinctly private for purposes of the Human Rights Law. However, NYSCA argued, these clubs were in fact distinctly private and therefore Local Law 63 violated its own and its member clubs' constitutional rights of privacy, freedom of association, freedom of speech, equal protection, and due process of law. NYSCA also alleged that the law was an unlawful bill of attainder. The New York Supreme Court granted summary judgment for the defendants, and declared the statute constitutional. *New York State Club Assoc., Inc. v. City of New York*, slip op., No. 25028/84 (N.Y.Sup.Ct.1985) (Grossman, J.). The Appellate Division, First Department, affirmed Justice Grossman's opinion, "for the reasons stated in [his] careful and thoughtful opinion." *New York State Club Assoc., Inc. v. City of New York*, 118 A.D.2d 392, 505 N.Y.S.2d 152, 153 (1st Dep't 1986). The decision of the Appellate Division was likewise affirmed by the New York Court of Appeals in an erudite opinion by Chief Judge Wachtler. *New York State Club Assoc., Inc. v. City of New York*, 69 N.Y.2d 211, 513 N.Y.S.2d 349, 505 N.E.2d 915 (Ct.App.1987).

On January 30, 1986, shortly after the New York Supreme Court upheld the law, the Commission filed administrative complaints against three clubs, including the plaintiffs, alleging that these clubs had unlawfully discriminated against women in their membership practices.[5] The Commission's complaints were accompanied by interrogatories addressed to, *inter alia*, the

---

**4.** The NYSCA is a consortium of approximately 125 clubs, including plaintiffs here. According to the NYSCA's complaint in the state action, NYSCA's function is, *inter alia*, to represent and promote the interests and constitutional rights of private clubs and institutions in the state of New York.

**5.** Enforcement of the Human Rights Law, as amended by Local Law 63, lies with the defendant New York City Human Rights Commission, which has the power to file administrative complaints. The filing of an administrative complaint by the Commission initiates a fact-finding investigation. It is not the purpose of such investigations to adjudicate whether there has in fact been a violation of the Human Rights Law, but to ascertain whether there exists probable cause to credit the allegations of the complaint. The Commission may subpoena documents and witnesses in aid of its investigation. In the event that the investigation indicates probable cause, an administrative hearing is held. If, upon a hearing, a violation of the Human Rights Law is found, the Commission has several means of enforcement at its disposal, including the power to issue cease and desist orders.

use of the clubs' facilities by members and nonmembers, and the identities of the clubs' members. It was acknowledged that these clubs did not accept women members[6] and the thrust of the investigation was to establish whether they should be deemed distinctly private under Local Law 63.

In March 1986, notwithstanding NYSCA's defeat in the New York court (which was then on appeal), the plaintiffs filed suit to enjoin the Commission's investigation and to have Local Law 63 declared unconstitutional. The complaints allege that these clubs are distinctly private, and that, on its face and as applied to them, Local Law 63 violates their rights of privacy, freedom of association, freedom of speech, due process, and equal protection. Furthermore, the plaintiffs allege that the law is an unlawful bill of attainder, and that it violates the contract clause of the United States Constitution. The clubs also challenge the Commission's enforcement of the law as unconstitutionally discriminatory and abusive.

The defendants make several arguments in support of their motions to dismiss. First, the defendants argue that because of the state court decision, *res judicata* and collateral estoppel bar further litigation of the plaintiffs' claims, except their selective prosecution claims. In addition, the defendants argue that the plaintiffs' claims of selective prosecution fail on the merits, and that this Court should abstain to allow the New York courts to decide state law issues presented by these complaints.

DISCUSSION

I. *Res Judicata*

Under the doctrine of *res judicata*, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *see Ryan v. New York Telephone Co.*, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487, 490

(1984). Therefore, whether the plaintiffs are barred by the state court action depends, first, on whether they are the privies of NYSCA (the plaintiff in that action), and, second, whether their suit is based on the same cause of action litigated in that proceeding.

A. Identity of the parties.

For *res judicata* purposes, a nonparty may be deemed in privity with an association of which the nonparty is a member, if (a) the association had authority to litigate the particular claims subsequently asserted by the nonparty, and (b) the association's representation of those claims was adequate. *Expert Electric, Inc. v. Levine*, 554 F.2d 1227, 1233 (2d Cir.1977). "While often justified by the doctrine of privity, the theory underlying this ... proposition is that the party bound is in substance the one whose interests were at stake in the prior litigation." *Id.*

We conclude that the NYSCA was vested with a sufficient degree of representative authority. The state court found that NYSCA had standing to assert its members' claims. This indicates the state court's determination that NYSCA was a proper party to invoke the legal rights and interests of the plaintiffs. *See Warth v. Seldin*, 422 U.S. 490, 517–18, 95 S.Ct. 2197, 2214–15, 45 L.Ed.2d 343 (1975) (rules of standing limit the judiciary's role in resolving disputes involving third parties' legal rights); *Urowsky v. Board of Regents of University of State of New York*, 38 N.Y.2d 364, 342 N.E.2d 583, 379 N.Y.S.2d 815 (1975). If NYSCA was entitled to bring suit on behalf of its members, it follows that the judgment should bind not only NYSCA, but also its members. *See Heckman v. United States*, 224 U.S. 413, 445–46, 32 S.Ct. 424, 634–35, 56 L.Ed. 820 (1912), *cited in Chicago, Rock Island & Pacific Railway Co. v. Schendel*, 270 U.S. 611, 618–19, 46 S.Ct. 420, 423, 70 L.Ed. 757 (1926); 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.411[1] at 390–

---

**6.** It is ironic that University's facade is decorated with college shields and mottos attesting to enlightenment through education. Anderson, *University Club Votes to Keep Women Out*, N.Y. Times, Jan. 19, 1987, at B3, col. 6.

91 (2d ed. 1984) ("[P]ersons whose interests are properly placed before the court by someone with standing to represent them are bound by the matters determined in the proceeding.").

Because NYSCA was authorized to sue on behalf of the plaintiffs, the latter may be deemed in privity with NYSCA unless its representation was so inadequate as to deny plaintiffs full and fair consideration of their claims. *See Expert Electric, supra,* 554 F.2d at 1235; *General Foods v. Massachusetts Dep't of Public Health,* 648 F.2d 784, 788 (1st Cir.1981) (citing Restatement (Second) of Judgments, § 86 (1975)). University argues that NYSCA's representation was inadequate because the state action involved a facial, rather than an asapplied challenge, and therefore, the state court was not presented with facts peculiar to University's claims.[7]

University's argument is unpersuasive. The mere fact that a representative fails to develop all possible proofs does not make his representation inadequate. Restatement (Second) of Judgments, § 86 comment (f) (1975), *cited in General Foods, supra,* 648 F.2d at 788. Furthermore, NYSCA's complaint did challenge the law *"as applied* to [NYSCA] *and its members."* Complaint at 5, *New York State Club Assoc., Inc., supra* (emphasis added). Finally, facts similar to those presented here to support University's claim that it, a club comprising over 4,000 members, is private, were indeed presented to the state court. That court was made aware of NYSCA's member clubs' selectivity, and of the "exacting" standards in their admissions and administrative policies. *See New York State Club Assoc., Inc.,* (Ct.App.), *supra,* 69 N.Y.2d at 220–22, 513 N.Y.S.2d at 353–54, 505 N.E.2d at 919–20.

**B. Identity of the causes of action.**

Because the plaintiffs are in privity with NYSCA, *res judicata* bars this action to the extent it is the same as that in the state proceeding. The plaintiffs argue that the two differ because the state court only determined that the statute was facially valid, and the issue of the statute's constitutionality as applied to the plaintiffs themselves "was neither presented nor decided." [8] The plaintiffs therefore reason that because this action primarily concerns the constitutionality of the statute's application to them, their claims differ from NYSCA's. The defendants argue that except for the plaintiffs' selective prosecution claims, the claims asserted here either were or could have been litigated by NYSCA and, therefore, are barred.

To determine whether the cause of action in a prior suit is the same as the cause of action in a second suit, the court looks not to the legal theories on which the two suits are based, but to the factual basis upon which the claims are asserted. "For it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Expert Electric, supra,* 554 F.2d at 1234; *see also Davidson v. Capuano,* 792 F.2d 275, 278 (2d Cir.1986) *cited in Davis v. Halpern,* 813 F.2d 37, 39 (2d Cir.1987). For this reason, a prior state court judgment bars the future litigation of not only those claims actually raised, but also any claims that the prior litigants could have but did not raise. *See Migra v. Warren City School District Board of Education,* 465 U.S. 75, 83–85, 104 S.Ct. 892, 897–98, 79 L.Ed.2d 56 (1984); *O'Brien v. City of Syracuse,* 54 N.Y.2d 353, 429 N.E.2d 1158, 1159, 445 N.Y.S.2d 687, 688 (1981); 1B *Moore's Federal Practice, supra,* ¶ 0.411[1] at 387 n. 5. Therefore, as long as the factual predicate of NYSCA's and the plaintiffs' claims is the same, so that NYSCA either did or could have presented the claims raised here, the plaintiffs' claims may be barred notwithstanding NYSCA's alleged failure to present them.

---

**7.** Because Union does not challenge the identity of the parties, but only the identity of the claims, it makes no argument as to the adequacy of NYSCA's representation.

**8.** But see plaintiff's complaint at 5, *New York State Club Assoc., Inc., supra* (challenging Local Law 63 "as applied to [the NYSCA] and its members.").

■ Except for the plaintiffs' claims of selective prosecution, the factual predicate of the plaintiffs' and NYSCA's claims is the same. Both are premised on the allegedly private nature of the clubs, and on the failure of Local Law 63 to recognize this characteristic. Therefore, the causes of action in the two suits are the same, and *res judicata* bars all but the plaintiffs' selective prosecution claims.

■ To the extent the plaintiffs' complaints state a cause of action for selective prosecution, *res judicata* is not a bar. The basis for a selective prosecution claim lies in the discriminatory effect of, and motivation for, an enforcement system. *See Wayte v. United States*, 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 497 (1985). Therefore, the plaintiffs' claims of selective prosecution have a different factual predicate than NYSCA's state court suit.[9]

## II. *Selective Prosecution*

■ The conscious exercise of some selectivity in enforcement does not, by itself, deny equal protection. *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 505–06, 7 L.Ed.2d 446 (1962). Selectivity in enforcement offends the Equal Protection Clause when the decision to prosecute is based upon unjustifiable standards. The decision to prosecute may not be based on such considerations as race or religion, *id.*, or the desire to prevent the exercise of constitutionally protected rights, *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir.1974). Prosecution decisions based on gender may also raise questions of discriminatory enforcement. *Bowers v. Hardwick*, —— U.S. ——, —— n. 2, 106 S.Ct. 2841, 2842 n. 2, 92 L.Ed.2d 410 (1986) (Blackmun, J., dissenting).

■ A party alleging selective prosecution must establish a *prima facie* case

(1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's prosecution has been invidious or in bad faith, i.e., based upon impermissible considerations....

*Berrios, supra,* 501 F.2d at 1211; *see Wayte, supra,* 470 U.S. at 608, 105 S.Ct. at 1531. Unless both prongs of this test are met, no evidentiary hearing or discovery is mandated.

■ The complaints herein only vaguely suggest a cause of action for selective prosecution. However, the plaintiffs' memoranda in opposition to the instant motions somewhat clarify the basis on which they assert selective prosecution. First, the plaintiffs complain that Local Law 63 "targets private clubs", and specifically exempts benevolent orders and religious corporations. However, this argument is not addressed to the enforcement of the law, but to the law itself. This argument, therefore, does not state a selective prosecution claim, but the same equal protection claim that was decided adversely to NYSCA in the state action. *See New York State Club Assoc., Inc.* (N.Y.Sup.Ct.), *supra,* at 13. As discussed above, that claim is barred by *res judicata.*[10]

The plaintiffs also complain that the Commission has enforced the law only against certain clubs, *i.e.*, those that discriminate against women, and has ignored clubs that discriminate on other impermissible bases. Therefore, the plaintiffs argue, the Commission's prosecution of the plaintiffs constitutes an impermissible application of a neutral law on the basis of gender.

■ The plaintiffs' argument relies on the characteristics of the objects of their

---

9. Defendants do not argue that the plaintiffs' selective prosecution claims could have been raised before the NYSCA court; the Commission did not initiate enforcement action until after the lower court declared Local Law 63 constitutional.

10. Although the argument is barred by *res judicata,* it is not a frivolous claim. *See New York State Club Assoc., Inc.* (App.Div.) *supra,* 505 N.Y. S.2d at 155 (Kupferman, J., dissenting). Not only is a lot of business done at benevolent and religious clubs, but they are also an important source of political patronage and influence.

own discrimination to frame a selective prosecution claim. In essence, plaintiffs seek to use the protection afforded *women,* against prosecution based on their gender, as a shield against prosecution for discriminating against women. This approach is inapposite to a selective prosecution analysis. It is not the characteristics of their victims, but the characteristics of the clubs themselves that are the pertinent considerations in a charge of selective prosecution. In other words, only if the Commission's decision to prosecute was arbitrarily based on characteristics of the clubs themselves can the plaintiffs claim selective prosecution.

Moreover, to the extent the plaintiffs are complaining that the Commission is not prosecuting clubs which discriminate against men, their umbrage is misplaced. Although Local Law 63 is gender-neutral on its face, it was enacted for the stated purpose of protecting women and minorities. *See supra* pp. 1324–25, quoting Legislative Declaration, Local Laws of the City of New York for the Year 1984, § 1.

■ University offers an additional ground for its selective prosecution claim. University suggests that the defendants' motivation for proceeding against it is "suspect," that the Commission had a "particular interest" in altering University's policies, and that University "figured prominently in defendants' consideration of the law and its antecedents." University does not, however, explain why the defendants' motivation is suspect, nor what is their particular interest in altering University's policies and why this is impermissible, nor why University's prominence in the Commission's deliberations should indicate that the Commission did not have good reason for its enforcement decisions. University thus offers nothing stronger than mere suspicion or surmise, which is insufficient to require an evidentiary hearing per *Berrios, supra. See United States v. Moon,* 718 F.2d 1210, 1230 (2d Cir.1983).

The Union Club makes a curious argument that the law should be applied to closely-held business corporations. We must say that we do not understand this selective prosecution argument at all. We are, therefore, granting the motions to dismiss the plaintiffs' complaint *in toto,* but with leave to replead a selective prosecution claim if there is a meaningful one which can be asserted.

SO ORDERED.