YU Pride Alliance v Yeshiva Univ. (2022 NY Slip Op 07175)

YU Pride Alliance v Yeshiva Univ.

2022 NY Slip Op 07175

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., González, Mendez,Pitt-Burke, JJ. 

Index No. 154010/21 Appeal No. 16879 & M-04092, 04103, 04417, 14188 Case No. 2022-02726 

[*1]YU Pride Alliance et al., Plaintiffs-Respondents,
v
Yeshiva University et al., Defendants-Appellants, Vice Provost Chaim Nissel, Defendant. Lesbian & Gay Law Association Foundation of Greater New York, New York City Bar Association, Eshel, Keshet, National Council of Jewish Women, Women Lawyers on Guard Inc., A Group of Rabbis and Law School Professors, Dr. Joshua R. Wolff, Dr. H.L. Himes, Dr. Theresa Stueland Kay, New York Civil Liberties Union Foundation, American Civil Liberties Union Foundation, Americans United for Separation of Church and State, First Amendment Scholars, Christian Colleges and Universities, The Association of Catholic Colleges and Universities, The Cardinal Newman Society, 15 Individual Religious Schools, National Orthodox Jewish Organizations, Cardozo OUTLaw, Ferkauf LGBTQIA+ Affinity Group, Cardozo OUTLaw Alumni Committee, Cardozo Student Bar Association, Fordham OUTLaws, Fordham Law Student Bar Association, OUTLaws+ Allies at St. John's School of Law, Jewish Coalition for Religious Liberty, Coalition for Jewish Values, Agudath Israel of America, Archdiocese of New York, Professor Douglas Laycock and Professor Richard A. Epstein, Amici-Curiae.

Kaufman, Borgeest & Ryan, LLP, New York (David Bloom of counsel), and The Becket Fund for Religious Liberty, Washington, DC (Eric S. Baxter of the bar of the District of Columbia, admitted pro hac vice of counsel), for appellants.
Emery Celli Brinckerhoff Abady Ward & Maazel, LLP, New York (Katherine Rosenfeld of counsel), for respondents.
New York City Bar Association, New York (Lauren G. Axelrod, Danielle (Danny) King and Karen Levit of counsel), for New York City Bar Association, amicus curiae.
Squire Patton Boggs (US) LLP, New York (Norman N. Kinel of counsel) and David R. Kuney, Potomac, MD for Eshel, Keshet, National Council of Jewish Women, Women Lawyers on Guard Inc., and A Group of Rabbis and Law School Professors, amici curiae.
Jenner & Block LLP, New York (Jeremy M. Creelan, RÉmi J.D. JaffrÉ and Owen W. Keiter of counsel), and Jenner & Block LLP, Washington, DC (Michelle S. Kallen of counsel), for Dr. Joshua R. Wolff, Dr. H.L. Himes and Dr. Theresa Stueland Kay, amici curiae.
Gabriella Larios and Robert Hodgson, New York New York Civil Liberties Union Foundation, amicus curiae.
Rose A. Saxe, New York and Daniel Mach, Washington, D.C., for American Civil Liberties Union Foundation, amicus curiae.
Richard B. Katskee, Bradley Girard and Gabriella Hybel, Washington, DC, for Americans United for Separation of Church and State, amicus curiae.
Wilmer Cutler Pickering Hale and Dorr LLP, New York (Olivia P. Greene and Alan E. Schoenfeld of counsel), for First Amendment Scholars: Professors Nelson Tebbe, Katherine Franke, Frederick Mark Gedicks, Linda C. McClain, Lawrence G. Sager, Richard C. Schragger, Micah Schwartzman, Elizabeth W. Sepper and Nomi Stolzenberg, amici curiae.
Schaerr | Jaffe LLP, New York (Erik S. Jaffe of counsel and Gene Schaerr of the bar of the District of Columbia and Joshua Prince of the bar of the District of Columbia), for Christian Colleges & Universities, The Association of Catholic Colleges and Universities, The Cardinal Newman Society and 15 Individual Religious Schools, amici curiae.
Dennis Rapps, New York, for National Orthodox Jewish Organizations, amici curiae.
Arnold & Porter Kaye Scholler LLP, New York (Rosalyn H. Richter, Angela R. Vicari, Rebecca D. Maller-Stein and Mindy A. Gorin of counsel), for Cardozo OUTLaw, Ferkauf LGBTQIA+ Affinity Group, Cardozo OUTLaw Alumni Committee, Cardozo Student Bar Association, Fordham OUTLaws, Fordham Law Student Bar Association, and OUTLaws+ Allies at St. John's School of Law, amici curiae.
Nelson Madden Black LLP, New York (Barry Black of counsel), for Jewish Coalition for Religious Liberty and Coalition for Jewish Values, amici curiae.
Dhillon Law Group, Inc., New York (Ronald D. Coleman of counsel), for Agudath Israel of America, amicus curiae.
The Law Office of Judah Z. Cohen PLLC, Woodmere (Judah Z. Cohen of counsel), for Professor Douglas Laycock and Archdiocese of New York, amici curiae.
Archdiocese of New York, New York (Roderick Cassidy of counsel), and Boyden Gray & Associates PLLC, Washington, DC (Michael Buschbacher of counsel), for Archdiocese of New York, amicus curiae.
First Liberty Institute, Plano, TX (Keisha T. Russell of counsel), for Professor Richard A. Epstein, amicus curiae.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered June 24, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiffs' New York City Human Rights Law (City HRL) claims asserting gender, sexual orientation, and association discrimination, granted plaintiffs' motion for partial summary judgment, and issued a permanent injunction requiring defendant university (Yeshiva) to recognize plaintiff student group (Pride Alliance) as an official student organization, unanimously affirmed, with costs.
Yeshiva was originally chartered in 1897 under the Membership Corporations Law as the Rabbi Isaac Elchanan Theological Seminary Association (RIETS), with the stated purpose to "promote the study of Talmud" and prepare Orthodox Jewish rabbis for ministry. Over several decades, the charter was amended to allow numerous secular degrees to be awarded and to change the name of the institution, while RIETS remained part of Yeshiva. In 1967, Yeshiva amended its charter to become incorporated under the Education Law. Two years later it amended the charter to drop Hebrew Literature and Religious Education degrees, since RIETS was being spun off as its own corporation offering those degrees, and to "clarify the corporate status of the University as a non-denominational institution of higher learning." While Yeshiva is now comprised of three undergraduate colleges and seven graduate schools, RIETS remains a separate corporate entity housed on one of Yeshiva's campuses.
Supreme Court correctly held that Yeshiva does not meet the definition of "religious corporation incorporated under the education law or the religious corporation law," which would exempt it from the prohibitions against discrimination in public accommodations as an organization "deemed to be . . . distinctly private" (Administrative Code of City of NY §§ 8-102, 8-107[4][a][1][a]). Under the Education Law, a "[r]eligious or denominational educational institution" is "an educational institution which is operated, supervised or controlled by a religious or denominational organization and which has certified to the state commissioner of education that it is a religious or denominational educational institution" (Education Law § 313[2][b]). The Religious Corporations Law uses the term "religious corporation" to describe "a corporation created for religious purposes," that is, "created to enable its members to meet for divine worship or other religious observances" (Religious Corporations Law § 2; see New York State Club Assn. v City of New York, 118 AD2d 392, 393-394 [1st Dept 1986], affd 69 NY2d 211 [1987], affd 487 US 1 [1988]; Temple-Ashram v Satyanandji, 84 AD3d 1158, 1160 [2d Dept 2011] [possible "de facto" religious corporation due to language of charter and operation as "place of worship"]). A plain reading of the above statutes, along with Yeshiva's proffered statements to public authorities contained in the [*2]record, show that Yeshiva does not qualify under either definition (see Administrative Code § 8-130[b] ["Exceptions to and exemptions from the provisions of this title shall be construed narrowly in order to maximize deterrence of discriminatory conduct"]).
Nor does Yeshiva qualify for exemption under the provision allowing "any religious or denominational institution or organization or any organization operated for charitable or educational purposes, which is operated, supervised or controlled by or in connection with a religious organization," to "limit[] employment or sale or rentals of housing accommodations or admissions to or giv[e] preference to persons of the same religion or denomination or . . . mak[e] such selection as is calculated by such organization to promote the religious principles for which it is established or maintained" (Administrative Code § 8-107[12]; accord Education Law § 313[3][a]). Even assuming that religious officials at RIETS exercise some influence over Yeshiva, this exemption's terms apply only to employment, housing, and student admissions selections, not to every decision made concerning enrolled students (compare Scheiber v St. John's Univ., 84 NY2d 120, 126-127 [1994] [similar provision under State Human Rights Law]).
Turning to defendants' First Amendment arguments, we find that providing the Pride Alliance with full and equal access to public accommodations does not intrude on Yeshiva's asserted right "to decide matters 'of faith and doctrine'" (Our Lady of Guadalupe School v Morrissey-Berru, - US -, 140 S Ct 2049, 2060 [2020], quoting Hosanna-Tabor Evangelical Lutheran Church & School v Equal Empl. Opportunity Commn., 565 US 171, 186 [2012]; see also Administrative Code § 8-107[4][a]). The record demonstrates that Yeshiva already recognizes LGBTQ+ student organizations at three of its graduate schools, which are legally part of Yeshiva's corporation, has done so for over 25 years, and made clear as early as 1995 that this recognition did not mean Yeshiva endorsed or accepted the views of those student groups. As such, and in light of Yeshiva's corporate purpose as an institution of higher education, we find that denial of recognition for the Pride Alliance is not "essential" to Yeshiva's "central mission" (Our Lady of Guadalupe School, 140 S Ct at 2060).
Similarly, we find no violation of Yeshiva's free exercise of religion. The City HRL's public accommodations provision is both neutral and generally applicable (see Fulton v Philadelphia, __ US __, 141 S Ct 1868, 1876 [2021]). The exception relieving places of public accommodation from the prohibition against age and gender discrimination "where the commission grants an exemption based on bona fide considerations of public policy" (Administrative Code § 8-107[4][b]), does not concern an individual's sexual orientation or religion, and does not create a "system of individualized governmental assessment of the reasons for relevant conduct" that would subject [*3]the law prohibiting discrimination to strict scrutiny (Church of the Lukumi Babalu Aye, Inc. v Hialeah, 508 US 520, 537 [1993] [internal quotation marks omitted]). Instead, regulations allow for, among other things, senior discounts, age requirements for certain motion pictures, gender-based restrictions for restrooms, rooming houses, and lodging facilities with sleeping rooms or bathrooms used in common, and otherwise require a showing that health or safety would be protected by an exemption (see 47 RCNY 2-03, 3-02, 3-03, 3-04).
Nor does the exemption for benevolent organizations affect the general applicability of the City HRL. "[W]hether two activities are comparable for purposes of the Free Exercise Clause must be judged against the asserted government interest that justifies the regulation at issue" (Tandon v Newsom, - US -, 141 S Ct 1294, 1296 [2021]). Here, that interest is the City's "compelling interest in providing its citizens an environment where all persons . . . have a fair and equal opportunity to participate in the business and professional life of the city" (New York State Club Assn., 487 US at 5). In creating the benevolent organization and religious corporation exemptions, the City Council found that these organizations "have not been identified in testimony before the Council as places where business activity is prevalent" (Local Law No. 63 [1984]; see New York State Club Assn., 487 US at 21 [Scalia, J., concurring]).
Finally, we reject the contention that recognizing the Pride Alliance as a student club violates Yeshiva's freedom of expression and association, as a "school does not endorse or support student speech that it merely permits on a nondiscriminatory basis" (Board of Educ. of Westside Community Schools v Mergens, 496 US 226, 250 [1990]; see Gay Activists Alliance v Board of Regents of Univ. of Oklahoma, 638 P2d 1116, 1122 [Okla 1981] ["recognition" of student group "does not suggest approval or endorsement by the university"]; Gay Alliance of Students v Matthews, 544 F2d 162, 165 [4th Cir 1976] [same]; see also Rumsfeld v Forum for Academic & Institutional Rights, Inc., 547 US 47, 65 [2006] [law schools' free speech and association rights not violated by requirement to allow military recruiters on campus, though schools disagreed with ban on openly gay personnel]). As previously noted, Yeshiva has made clear that it does not endorse or accept the views of its already-existing LGBTQ+ student groups, and the City HRL does not require any such endorsement or compel speech (Rumsfeld, 547 US at 61-65). Moreover, there is no violation of Yeshiva's associational rights where plaintiff Pride Alliance members are already enrolled students, Yeshiva already engaged in many discussions with the Pride Alliance about sexual orientation and gender identity issues, Yeshiva continued to express the desire to foster diversity and inclusion in association with Pride Alliance members when denying official recognition, and Yeshiva [*4]even explained several actions it was undertaking to bring about "greater awareness and acceptance" and "create a space where students, faculty and Roshei Yeshiva to continue this conversation" about sexual orientation and gender identity (see Rumsfeld, 547 US at 68-70).
M-4092
M-4103
M-4417 — YU Pride Alliance et al. v Yeshiva University et al. Motions for leave to file amicus curiae briefs, granted. M-4188 — YU Pride Alliance et al. v Yeshiva University et al.
Motion by plaintiffs to enlarge the record, denied. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022