Taylor v City of New York

2026 NY Slip Op 03128

May 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Otis Taylor, Appellant,

v

The City of New York, et al., Respondents.

Decided and Entered: May 19, 2026

Index No. 816934/21|Appeal No. 6667|Case No. 2024-06438|

Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

The Law Office of Fred Lichtmacher, PC, New York (Fred B. Lichtmacher of counsel), for appellant.

Steven Banks, Corporation Counsel, New York (Bo Malin-Mayor of counsel), for The City of New York, respondent.

The Quinn Law Firm, White Plains (Lalit K. Loomba of counsel), for Martin Toczek, respondent.

[*1]

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about October 21, 2024, which granted defendant City of New York's post-answer motion to dismiss and granted defendant Sergeant Martin Toczek's combined motion to dismiss and motion for summary judgment, and dismissed plaintiff's complaint for racial discrimination under the New York City Human Rights Law (City HRL), unanimously reversed, on the law, without costs, the motions denied, and the complaint reinstated.

Plaintiff stated a cause of action for racial discrimination under the City HRL (see CPLR 3211[a][7]). From 2016 to 2019, Toczek made many statements, both in the office of the NYPD Auto Crimes Unit and on a text thread with his subordinates including plaintiff, criticizing racial justice protests in the National Football League by Colin Kaepernick and other NFL players. On one occasion, plaintiff, who is Black, stated to Toczek that the players had a constitutional right to protest, and Toczek replied, "yeah, . . .but it's my right . . . if I want to like [B]lack people." Toczek also shared articles about Black NFL players committing crimes and described them as "perps."

On January 30, 2019, Toczek directed plaintiff to accompany two White detectives in apprehending an arrestee who "had a history of assaulting police officers who tried to arrest him." The arrestee had previously assaulted Dan Fox, a white Auto Crimes Unit detective. Plaintiff was on restricted duty at the time because of a shoulder injury and could not carry a gun or a shield. Toczek told plaintiff not to worry because, "[w]hen he sees you, he's not going to fight, look how big you are," and further suggested that the arrestee would not assault plaintiff "because, look at [Fox], look at him and look at you." Plaintiff is 6'7" and weighs about 260 pounds. Plaintiff suffered a serious injury when the arrestee resisted arrest; he retired shortly afterward with accidental disability benefits for his line-of-duty injury.

[*2]

Viewing the record in the light most favorable to plaintiff, it cannot be said as a matter of law "that the conduct complained of was truly insubstantial" or amounted to "a petty slight or trivial inconvenience" (Golston-Green v City of New York, 184 AD3d 24, 43 [2d Dept 2020] [internal quotation marks and citation omitted]). Toczek's remark that he has a "right [whether] to like [B]lack people," directed at plaintiff, was facially discriminatory and is alone sufficient to defeat summary judgment (see id.; Biggan v City of New York, 192 AD3d 498, 499 [1st Dept 2021]). Further, it is a jury issue as to whether Toczek's other comments about the NFL reflected racial animus. A reasonable juror could conclude that, once Toczek signaled that his objection to the protests was at least in part about race, every other reference to the protests and the NFL became infused with racial animus. Under the City HRL, Toczek had a "right to express his . . . views" on matters of public concern, "provided that he [did] not discriminate against his employees based on" a protected characteristic (Salemi v Gloria's Tribeca Inc., 115 AD3d 569, 570 [1st Dept 2014]; see also YU Pride Alliance v Yeshiva Univ., 211 AD3d 562, 565 [1st Dept 2022]).

Plaintiff's hostile work environment claim is timely (see Administrative Code of City of NY § 8-502[d]). The record contains text messages Toczek sent concerning Black NFL players through January 26, 2019, and the complaint was filed on December 13, 2021, within the period allowed under the statute of limitations. Toczek's earlier comments are actionable because they were "part of a single continuing pattern . . . extending into the [limitations] period" (Keenan v Bloomberg L.P., 244 AD3d 622, 623 [1st Dept 2025]).

The complaint also sufficiently alleges that Toczek's assignment of plaintiff to the potentially dangerous arrest was "motivated at least in part by" plaintiff's race (Ovalle v Church St. Constr. Corp., 242 AD3d 493, 493 [1st Dept 2025] [internal quotation marks and citation omitted]). A reasonable juror could interpret Toczek's statements contrasting plaintiff's appearance with Fox's to be referring at least in part to race, particularly in light of Toczek's earlier comment, which communicated a decision-maker's explicit bias and was not a mere "stray remark" (Godbolt v Verizon N.Y., Inc., 115 AD3d 493, 494 [1st Dept 2014], lv denied 24 NY3d 901 [2014]).

[*3]

Furthermore, a reasonable juror could interpret Toczek's assertion that plaintiff's appearance, including his size, would deter violence from the arrestee, as an attempt to invoke the "classic and common racist trope that Black men are inherently threatening or dangerous" (Matter of Putorti [New York State Commn. on Jud. Conduct], 40 NY3d 359, 368 [2023]). "If a defendant . . . fails to prove that no reasonable jury could conclude that the statement in context was coded racial language, then summary judgment must be denied" (Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 205 [1st Dept 2015]). Disentangling whether Toczek's statements were permissible references exclusively to plaintiff's size or were instead invoking race-based stereotypes is for a jury.

To the extent plaintiff claims that the assignment to the potentially dangerous arrest was unlawful because of his restricted duty status, that claim is foreclosed by plaintiff's failure to comply with the requirements of General Municipal Law § 205-e. Nevertheless, plaintiff may claim under the City HRL that the arrest assignment amounted to unequal treatment based on race.

THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 19, 2026