566 F.2d 699
 Jo Ann COOK, Plaintiff-Appellant,
v.
CITY OF PRICE, CARBON COUNTY, UTAH, Walter T. Axelgard,
Mayor of the City of Price, Harold O. Patterick, Harold Mark
Hanson, Toy Atwood, James Lee Jensen, Amel Denison, as
Members of the City Council, Defendants-Appellees.
 No. 76-1701.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Nov. 18, 1977.
Decided Dec. 16, 1977.
 
 1
 Donn E. Cassity and Roger T. Sharp, Salt Lake City, Utah (of Romney, Nelson & Cassity, Salt Lake City, Utah), for plaintiff-appellant.
 
 
 2
 Michael T. McCoy, Salt Lake City, Utah, for defendants-appellees.
 
 
 3
 Donald B. Holbrook, James S. Lowrie, and Russell H. Lowe, Salt Lake City, Utah (of Jones, Waldo, Holbrook & McDonough, Salt Lake City, Utah), for amicus curiae, Utah League of Cities and Towns.
 
 
 4
 Before HOLLOWAY and DOYLE, Circuit Judges, and ROGERS, District Judge.*
 
 
 5
 ROGERS, District Judge.
 
 
 6
 This is an appeal from an order of the United States District Court for the District of Utah granting judgment in favor of appellees and assessing costs against appellant. Appellant Cook filed this civil rights action on August 16, 1974, contesting the allegedly unconstitutional enforcement of a zoning ordinance adopted fifteen years earlier by the City of Price, Utah. The ordinance in question regulates the operation of "home businesses" in residential areas of the city. Appellant alleged the zoning ordinance was selectively and discriminatorily enforced against her. A pendent state claim was included in the complaint; it was not briefed on appeal and will not be treated in this opinion.
 
 
 7
 Appellant is a resident of the City of Price and a trained beauty operator and cosmetologist. She testified that before purchasing her home, and before opening her salon, she had inquired of the City Clerk as to applicable zoning restrictions, and had been assured that while there were applicable ordinances, these were not enforced. The City Clerk remembered no such preliminary conversations.
 
 
 8
 Appellant's home is located in an "R-2" zone. Under city zoning regulations the purchase and resale of merchandise not produced in the home is prohibited in such an area, although home "service occupations" are allowed. Appellant began operating a home beauty salon in late 1972. This use is permitted in an "R-2" zone and does not require a city license.
 
 
 9
 In October of 1973 appellant went to the City Clerk and made application for a business license. She noted on her application she wished to operate a "Beauty salon & gift, clothes, & fashion botique." All words except "fashion botique" were stricken by the City Clerk prior to submission of the application to the City Council. Appellant claimed she was not aware these words were stricken; the City Clerk testified he told plaintiff at the time she submitted the application that she could not sell gifts or clothing in an "R-2" zone, and that the City Council would only allow the incidental sale of items to be used in connection with hair styling.
 
 
 10
 The license was approved on November 12, 1973, by the City Council upon explanation by the City Clerk that "fashion botique" referred only to the sale of items incidental to hair styling such as beads and barrettes. After the license was approved, appellant began to sell clothing from her home. Her garage had been remodeled, and a large plate glass window made her selection of clothing visible from the street. Directed by the acting Mayor, the Chief of Police informed appellant she was operating in violation of city zoning laws and would have to discontinue her clothing business.
 
 
 11
 On January 4, 1974, appellant appeared before the City Council and explained her conception of the words "fashion botique." The Council refused her permission to continue her business, and suggested her only recourse would be to petition for a rezoning of her property. This she did to no avail. A letter from the Council dated June 26, 1974, informed appellant that her business license had been revoked, for it had been "intended strictly as an accessory license to be used in conjunction with (your) existing beauty shop." She was given three months to cease operation of her clothing business.
 
 
 12
 Thereafter plaintiff commenced this action, asserting the Council's action in revoking her license constituted discriminatory enforcement violative of the constitutional guarantee of equal protection of the laws. Trial was had to the court commencing December 15, 1975, and lasting three days. Much of appellant's evidence consisted of testimony concerning other home businesses in the city which were violating the strict letter of the zoning ordinance. At the close of trial, the court requested supplementary memoranda, and on June 3, 1976, entered judgment in favor of appellees.
 
 
 13
 Appellant at no time denied the validity of the ordinance she violated. Therefore the present situation is not analogous to that in Martin v. King, 417 F.2d 458 (10th Cir. 1961). In that case the appellant had attacked the substantive validity of the ordinance as well as its discriminatory enforcement. We pointed out the illogic of the equal protection claim saying appellant "would contend that he had a right to be protected from the evils which he says do not exist." Id. at 462.
 
 
 14
 Rather, appellant merely claims discrimination in that the ordinance was not enforced against other known violators. After hearing a great deal of evidence concerning other violations, the trial court found such other infractions to be "minor and innocuous."
 
 
 15
 For ninety years it has been established that a law fair on its face may be applied so arbitrarily and unfairly as to amount to a violation of constitutional rights. Yick Wo v. Hopkins, 118 U.S. 356, 374, 6 S.Ct. 1064, 30 L.Ed. 220 (1887). However, when the discrimination is not aimed at a "suspect class," a plaintiff must show intentional or purposeful discrimination. Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1944).
 
 
 16
 Mere failure to prosecute other offenders is no basis for a finding of denial of equal protection. "(T)he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962). Selective enforcement without malicious intent may be justified when a test case is needed to clarify a doubtful law, Mackay Telegraph Co. v. Little Rock, 250 U.S. 94, 100, 39 S.Ct. 428, 63 L.Ed. 863 (1919), or when officials seek to prosecute a particularly egregious violation and thereby deter other violators. People v. Utica Daw's Drug Co., 16 A.D.2d 12, 225 N.Y.S.2d 128, 4 A.L.R.3d 393 (1962). Appellee informs us that many of the other violators called as witnesses by appellant have ceased their illegal practices as a result of the experience.
 
 
 17
 None of the other zoning violations brought to the attention of the trial court were of the magnitude of that attributable to appellant. There was thus good reason for the "unequal" application of the ordinance. The trial court found appellant was neither similarly situated to the other violators nor a victim of any malicious motive to injure her. We are satisfied the record supports these findings and that they are not clearly erroneous. Williams v. Eaton, 468 F.2d 1079 (10th Cir. 1972).
 
 
 18
 Further, even were we to view the trial testimony in the light most favorable to appellant, the only city official chargeable with more than simple misunderstanding would be the City Clerk, and we note he was not named a defendant in this action. Appellee council members are not responsible for the clerk's wrongs absent a showing of some "affirmative link" between his actions and those of appellees. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); Kite v. Kelley, 546 F.2d 334 (10th Cir. 1976). Although appellant alleged a civil rights conspiracy, there was no evidence the council members knew of appellant's intended business activities when the license application was made. Their later awareness of other violations, as noted above, does not make the decision to revoke appellant's license a wrong of constitutional magnitude. Therefore, the ruling below on the equal protection claim must stand.
 
 
 19
 Appellant also claims she was denied procedural due process in the revocation of her license. No such claim was raised in either the complaint or the pretrial order; rather it appeared for the first time in appellant's post-trial memorandum. The trial court denied appellant leave to amend her complaint to conform to the evidence of a due process denial admitted at trial. In claiming error appellant relies on Rule 15(b), Federal Rules of Civil Procedure, which provides that issues tried by "implied consent" of the parties be treated as if they had been properly raised in the pleadings.
 
 
 20
 When evidence claimed to show trial of an issue by consent pursuant to Rule 15(b) is relevant to a separate issue already in the case, it would be unjust to the opposing party to consider a new theory of recovery after trial is complete. Cox v. Fremont County Public Building Authority, 415 F.2d 882, 887 (10th Cir. 1969). This rule obtains because an opponent must be given a fair chance to plan his defense to meet pleaded allegations. See Otness v. United States, 23 F.R.D. 279 (D.Alaska 1959). In the case before us, it appears evidence which might bear upon a due process claim was submitted in support of appellant's state claim and as proof of an asserted malicious intent to discriminate. Appellees' cross-examination was directed toward rebuttal of these pleaded claims. We cannot say the due process issue was properly before the trial court. In any event the court entered specific findings pointing to the invalidity of appellant's due process claims. There is no discernible error in the rulings on the due process issue.
 
 
 21
 In light of what has been said concerning the substance of appellant's claims for recovery, there is no need to pass upon the various procedural questions posed by appellant.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Of the District of Kansas, sitting by designation