820 F.2d 1482
 26 ERC 1364, 17 Envtl. L. Rep. 20,901
 EVERGREEN WASTE SYSTEMS, INC., an Oregon corporation; ABC
Garbage Co., an Oregon corporation, Plaintiff-Appellant,
v.
METROPOLITAN SERVICE DISTRICT, an Oregon municipal
corporation; the City of Portland, an Oregon
municipal corporation; Norm Weitting,
Defendants-Appellees.
 No. 86-3917.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 3, 1987.
Decided July 1, 1987.
 
 Richard Maizels, Portland, Or., for plaintiff-appellant.
 Denise Francis and Eleanore S. Baxendale, Portland, Or., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before ANDERSON, FARRIS and BRUNETTI, Circuit Judges.
 FARRIS, Circuit Judge:
 
 OVERVIEW
 
 1
 Plaintiffs Evergreen Waste Systems and its successor corporation ABC Garbage Co. are Oregon corporations providing waste disposal service in Clark County, Washington. They appeal from the district court's denial of their requests for injunctive and declarative relief in a dispute with defendants Metropolitan Service District and the City of Portland, who own and operate the St. Johns landfill near Portland, Oregon. 643 F.Supp. 127. Evergreen claims that Metro's ordinance barring out-of-district waste from the landfill violates the Commerce Clause because it prevents Evergreen from bringing to the landfill waste from Washington state. Evergreen sought to enjoin enforcement of the rule and also sought a declaration that the landfill was irrevocably dedicated to public use, including use by Evergreen. We affirm.
 
 BACKGROUND
 
 2
 The St. Johns site was purchased in 1934 by the City of Portland, and portions of the property have been operated as a solid waste landfill ever since. Without the ban on out-of-district waste, the landfill is expected to close in 1989. The ban extends the useful life of the landfill for six to twelve months. When it closes, the site will be converted to other uses.
 
 
 3
 Since 1980 the landfill has been operated by the Metropolitan Service District, a municipality with authority to provide waste disposal services in a three-county region of metropolitan Portland. The landfill operates with a "leachate collection system," requiring tending every day, and costs more than $5 million per year to operate. The area surrounding Metro's solid-waste planning area is served by four general purpose landfills that Evergreen may use: two in Oregon and two in Washington. Clark County, Washington, intends to open a landfill in mid-1988 or mid-1989 that Evergreen will be able to use.
 
 
 4
 Until January 1, 1986, Evergreen Waste Systems hauled solid and liquid waste from residential and commercial clients in Clark County, Washington, to the St. Johns landfill, a round trip of 16 miles. In December 1985, Metro adopted an ordinance barring from its landfill waste from outside Metro's three-county planning area. The ban applied to customers from several nearby Oregon counties as well as to Evergreen and other customers from Washington State. Before the ban, approximately 10% of the waste dumped at St. Johns came from outside Metro's three-county jurisdiction. The ban accompanied other measures designed to restrict the flow of waste going into the landfill and thereby extend its useful life. After the ordinance went into effect, Evergreen used a landfill in Woodburn, Oregon, a round trip of 82 miles. Several landfills in Washington are closer than the Oregon sites, but their dumping fees are higher.
 
 DISCUSSION
 
 5
 1. "Per Se" Violation of the Commerce Clause
 
 
 6
 The district court found no Commerce Clause violation in Metro's ordinance barring out-of-district waste from the St. Johns landfill. This is a legal question that we review de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).
 
 
 7
 A municipality's acts affecting interstate commerce are subject to the constraints of the Commerce Clause. See White v. Massachusetts Council of Construction Employers, 460 U.S. 204, 206, 103 S.Ct. 1042, 1043, 75 L.Ed.2d 1 (1983) (scrutinizing a Boston city hiring policy for Commerce Clause violation). Evergreen argues that Metro's ordinance barring the dumping of waste at the St. Johns landfill is a "per se violation" of the Commerce Clause, because it constitutes "economic protectionism":
 
 
 8
 The opinions of the [Supreme] Court through the years have reflected an alertness to the evils of "economic isolation" and protectionism, while at the same time recognizing that incidental burdens on interstate commerce may be unavoidable when a State legislates to safeguard the health and safety of its people. Thus, where simple economic protectionism is effected by state legislation, a virtually per se rule of invalidity has been erected. The clearest example of such legislation is a law that overtly blocks the flow of interstate commerce at a State's borders.
 
 
 9
 City of Philadelphia v. New Jersey, 437 U.S. 617, 623-24, 98 S.Ct. 2531, 2535, 57 L.Ed.2d 475 (1978).
 
 
 10
 Evergreen contends that Metro's ban on waste from Washington is just as arbitrary and "facially" discriminatory as was New Jersey's ban on out-of-state waste at all of the state's public and private landfills. Unlike New Jersey's total ban on out-of-state waste, Metro's ordinance applies to only one of Oregon's many landfills and bars waste from most Oregon counties as well as out-of-state waste. It therefore does not fit the Court's paradigm of a per se violation: "a law that overtly blocks the flow of interstate commerce at a State's borders."
 
 
 11
 In the absence of such an obvious barrier to interstate commerce, the Supreme Court offers a three-part inquiry to determine whether a state statute violates the Commerce Clause:
 
 
 12
 Where the statute regulates evenhandedly to effectuate a legitimate public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits.... If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities.
 
 
 13
 Pike v. Bruce Church, Inc., 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970); see also Washington State Building and Construction Trades Council v. Spellman, 684 F.2d 627, 630-31 (9th Cir.1982), cert. denied, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983).
 
 
 14
 The ordinance does not regulate evenhandedly, Evergreen argues, since waste from outside the district is not treated the same as waste from within the district. But "evenhandedness" requires simply that out-of-state waste be treated no differently from most Oregon waste. See Washington State Trades Council v. Spellman, 684 F.2d at 631 (holding that "uneven treatment of in-state and out-of-state parties fails the first part of the Pike test"). The ordinance regulates evenhandedly.
 
 
 15
 The ordinance also serves a legitimate local public purpose. Metro and Evergreen both agree that it extends the useful life of the St. Johns landfill. They disagree of course, on whether the ordinance has only an incidental effect on interstate commerce and whether that burden is excessive in relation to the putative local benefits. Because other landfills are available in Washington and Oregon, the ordinance places a minimal burden on interstate shipments of waste. That burden, even when measured in terms of the burden on the plaintiff alone, is outweighed by the ordinance's benefit to Metro. Although the ordinance may make the landfill useful for only an additional six to twelve months, that buys critical time for a large metropolitan area to site a new landfill. The district court did not err in finding that the burden on interstate commerce was incidental and not excessive when compared to extending the life of the landfill. The ordinance therefore does not violate the Commerce Clause.
 
 2. Dedication
 
 16
 The district court found that the St. Johns landfill had not been dedicated to public use. We review such a finding of fact for clear error. La Duke v. Nelson, 762 F.2d 1318, 1321 (9th Cir.1985).
 
 
 17
 The legal standards for dedication of real property in Oregon are clear. The property owner must intend such a dedication and must manifest that intention "clearly and unequivocally." Security & Investment Co. v. Oregon City, 161 Or. 421, 432-33, 90 P.2d 467 (1939). Tolerating public use does not alone establish an owner's intent to dedicate property. See 11 McQuillin, Municipal Corporations Sec. 33.31 at 713 (3d ed. 1983). Moreover, Metro argues, and the district court found, that a landfill is a municipal service, like water or sewer service, and cannot be dedicated for public access like undeveloped property. The district court did not clearly err in finding that the landfill was not dedicated to public use.
 
 
 18
 AFFIRMED.