■ OMNI GROUP FARMS, INC., et al., Appellants, v COUNTY OF CAYUGA, Respondent. [606 NYS2d 488] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiffs

moved for leave to amend their complaint to assert three causes of action for violation of their civil rights under 42 USC § 1983. Supreme Court denied that motion in its entirety. We conclude that the court should have granted plaintiffs' motion to the extent of granting leave to amend to assert the first and third causes of action of the proposed amended complaint.

CPLR 3025 (b) provides that leave to amend a pleading "be freely given upon such terms as may be just". Whether to grant or deny leave to amend is committed to the court's discretion (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959). Leave to amend may be denied where the opposing party has been prejudiced by a delay in seeking the amendment or where the opponent would be surprised or prejudiced by the amendment (*Ross v Ross*, 143 AD2d 429). Supreme Court determined that defendant was prejudiced by plaintiffs' delay in seeking the amendment, by the proposed increase in the ad damnum clause and change in the nature and scope of damages requested, by a prior restriction upon discovery imposed pursuant to a protective order, and by the inclusion of additional factual allegations in the proposed amendment. We disagree.

Mere lateness or delay in seeking leave to amend is not a barrier to amendment (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959, *supra*). It is only lateness or delay that directly results in significant prejudice to the other side that warrants denial of the amendment (*Edenwald Contr. Co. v City of New York, supra; Fahey v County of Ontario*, 44 NY2d 934, 935; *Rutz v Kellum*, 144 AD2d 1017, 1018). Defendant has failed to demonstrate that it has been, or will be, prejudiced solely by reason of the lapse of time. Contrary to Supreme Court's characterization, the damages sought in the original complaint were not restricted to damages suffered as the result of alleged interference with contractual rights. Moreover, "[p]rejudice * * * is not found in the mere exposure of the defendant to greater liability" by an increase in the ad damnum clause (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23, *rearg denied* 55 NY2d 801). Although defendant maintains that it is prejudiced because of prior restrictions upon pretrial discovery imposed by a protective order, that prejudice, if any, was caused by issuance of the protective order, not the proposed amendment. We note that defendant did not appeal from the order restricting discovery, and that any prejudice to defendant's pretrial discovery rights occa-

sioned by amendment of the complaint can be alleviated by vacating the note of issue and permitting further discovery *(see, Bielawski v Edgewater Recreation,* 177 AD2d 1060).

We agree with Supreme Court's conclusion that the original complaint did not put defendant on notice concerning the factual allegations set forth in the second cause of action of the proposed amended complaint, and that defendant would be surprised and prejudiced by assertion of this entirely new cause of action. Moreover, the second cause of action asserted in the proposed amendment is time-barred. The original complaint did not give notice of the transactions or occurrences to be proved under the second cause of action of the amended complaint. Thus, for Statute of Limitations purposes, interposition of that cause of action cannot be deemed to relate back to the time that the action was commenced *(see,* CPLR 203 [f]; *Alpert v Shea Gould Climenko & Casey,* 160 AD2d 67).

Supreme Court should have reached a different conclusion with respect to the first and third causes of action of the proposed amendment. The original complaint alleged that defendant's threatened enforcement of its local laws prohibiting the importation of brewery sludge and solid waste constituted discriminatory enforcement and unconstitutionally deprived plaintiffs of their right to engage in interstate commerce. The first and third causes of action of the proposed amendment seek damages for a violation of plaintiffs' civil rights occasioned by the same discriminatory enforcement and unconstitutional burden upon interstate commerce alleged in the original complaint. Thus, the original complaint gave notice of the same transactions or occurrences asserted in the proposed amendment, and assertion of causes of action under the new theory of an alleged violation of Federal civil rights was not time-barred *(see, Lawless v City of Buffalo,* 177 AD2d 1007). Although the proposed amendment alleges additional facts, most of those facts relate to conduct undertaken by County officials. Defendant has failed to show that it is surprised or otherwise prejudiced by the assertion of those facts. The proposed amendment also asserts a list of business entities and individuals who allegedly are engaging in activities in violation of the same local laws but who have not been threatened by enforcement of those laws. In a prior Federal action between the parties, the District Court noted that such allegations were essential to a civil rights cause of action based upon discriminatory enforcement *(see, Omni Group Farms v County of Cayuga,* 766 F Supp 69, 73-74). After amendment of the pleading in the Federal action to include

those same factual allegations, defendant successfully obtained dismissal of the Federal action pursuant to the abstention doctrine by urging that the Federal action was "identical" to the subject State action and that permitting "duplicative" lawsuits would not serve the public interest. Defendant has not been surprised by the additional allegations.

In sum, we modify the order to grant that part of plaintiffs' motion for leave to amend to assert the first and third causes of action set forth in the proposed amended complaint. We remit the matter to Supreme Court for its consideration whether leave to amend should be conditioned upon vacatur of the note of issue and the allowance of further discovery, the imposition of costs, or other "terms as may be just" (CPLR 3025 [b]) and for the fixing of an appropriate date for service of the amended complaint. (Appeal from Order of Supreme Court, Cayuga County, Parenti, J.—Amended Complaint.) Present—Green, J. P., Balio, Lawton, Fallon and Davis, JJ.