**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOHN S. WILLIAMSON; NANCY L.
WILLIAMSON,

      Plaintiffs-Appellants,

vs.

BERNALILLO COUNTY SHERIFF'S
DEPARTMENT; BERNALILLO
COUNTY; DUGGER'S TOWING; R.
JONES, in his capacity as a Deputy
Sheriff of Bernalillo County, and
Individually,

      Defendants-Appellees.

No. 96-2229
(D.C. No. CIV-95-1394 JP)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

John and Nancy Williamson, appearing pro se, appeal from the district court's

judgment entered pursuant to Fed. R. Civ. P. 54(b) dismissing their equal protection

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

claim. They argue that the district court lacked authority to grant a post-answer Fed. R. Civ. P. 12(b)(6) motion. Defendants raised a Rule 12(b)(6) defense in their answer and subsequently filed motions. Plainly, the district court had the power to act on these pretrial motions. See Fed. R. Civ. P. 12(h)(2); Weatherhead v. Globe Int'l, 832 F.2d 1226, 1228 (10th Cir. 1987).

Plaintiffs also argue that the district court erred in dismissing their equal protection claim for failure to allege an underlying racial animus because "[t]he only allegations necessary are those showing unequal treatment." Aplt. Br. at 6. We may affirm the district court on any grounds supported by the record.

We agree with the Defendants that Plaintiffs' theory is really one of selective enforcement. A decision "to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification.'" United States v. Armstrong, 116 S. Ct. 1480, 1486 (1996) (quoting Oyler v. Boles, 368 U.S. 448, 456 (1962)); see also Futernick v. Sumpter Township, 78 F.3d 1051, 1056-57 (6th Cir.) (intentional selective enforcement based upon race, nationality, religion, gender, or to punish the exercise of a constitutional right is a sufficient basis for relief under § 1983), cert. denied, 117 S. Ct. 296 (1996). However, no allegations in the amended complaint suggest that the decision to tow the Plaintiffs' vehicle had a discriminatory effect and was motivated by a discriminatory purpose. See Armstrong, 116 S. Ct. at 1487; Cook v. City of Price, Carbon County, Utah, 566 F.2d 699, 701 (10th Cir. 1977).

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge