■ COUNTY OF WESTCHESTER (WESTCHESTER COUNTY MEDICAL CENTER), Appellant, v MICHAEL ANDERSON, Respondent. [655 NYS2d 100] —In an action, *inter alia,* to recover payment for medical expenses pursuant to the common-law doctrine of necessaries, the plaintiff County of Westchester appeals from an order of the Supreme Court, Westchester County (Silverman, J.), entered March 18, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff County of Westchester commenced this action to recover sums allegedly owed by the defendant for medical treatments provided to the defendant's wife, prior to her death, at the plaintiff's Westchester County Medical Center (hereinafter WCMC). The defendant's wife had been hospitalized on two separate occasions in 1993, and WCMC claims to be owed $11,263.43 arising from the first hospitalization and $8,397.92 from the second. The defendant did remit $19,661.50, representing what he believed to be payment in full for his late wife's medical expenses and he was given a receipt reciting that his debt had been paid in full. However, the Westchester County

Department of Social Services (hereinafter DSS) determined that due to a problem concerning Medicaid coverage, an additional $9,314.83 had been expended by DSS on services provided by various other physicians. DSS thus unilaterally, and apparently without notifying the defendant, applied part of his payment to these other expenses, allegedly leaving the defendant with a balance owed to WCMC. Thus the County claimed to be entitled to further recovery.

The defendant moved for summary judgment dismissing the County's complaint, alleging that he had paid all that was owed and that it was between DSS and WCMC to resolve any issues regarding the allocation of the payments. Notwithstanding that the sole issue in controversy was whether or not the defendant had paid his obligations in full, the court *sua sponte* determined that DSS was a necessary party and dismissed the complaint due to the County's failure to join a necessary party. This determination was erroneous but we affirm the order appealed from for different reasons.

As it openly acknowledges, the County is the only genuine plaintiff party in interest. It commenced this action to recover payments owed to WCMC, a County agency. DSS is merely another agency of the County. Under the facts at bar DSS need not be added as a party to ascertain which agency is entitled to portions of the recovery allegedly due to the County. DSS has no independent interest in this action and the rights of the County and the defendant are not affected by the joinder or nonjoinder of DSS (see, CPLR 1001 [a]). "[I]n the context of governmental policies and programs which inevitably entail the involvement of numerous agencies, departments and officials, only those government entities that are primarily responsible for the challenged policy are necessary parties" (Joanne S. v Carey, 115 AD2d 4, 9). Moreover, even if DSS were a necessary party, the court should have ordered its joinder rather than dismissing the action (DiFate v Scher, 45 AD2d 1002). Therefore, the court improperly dismissed the complaint on this basis.

Affirmance is nevertheless warranted. The complaint in this action specifically sought payment for hospital services rendered during the first hospitalization of the defendant's wife from May 17, 1993, to June 25, 1993. According to the WCMC invoice in the record dated February 7, 1994, the defendant was obligated to pay $11,263.43 for hospital services rendered during this first hospitalization. He paid that sum and more. The County has thus received full payment for the only claim pleaded or proven within this litigation. The County

is not entitled to additional recovery for services rendered during the second hospitalization or for other DSS disbursements since these other claims were not identifed in the complaint, and absolutely no evidence has been adduced substantiating the alleged debt to DSS. Therefore, the defendant is entitled to summary judgment dismissing the complaint. Miller, J. P., Ritter, Thompson and Krausman, JJ., concur.