■ DAGGANA SILLAH et al., Respondents, v SHAHID TANVIR, Appellant. [794 NYS2d 348]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered March 11, 2004, which granted petitioners' application pursuant to CPLR 4403 and confirmed the referee's report, dated January 6, 2003, finding that petitioners were duly elected as trustees of the Islamic Falah of America, unanimously affirmed, without costs.

The special meeting was properly noticed in accordance with Not-For-Profit Corporation Law § 603 (c). The meeting was properly noticed; although it was held on a rescheduled date, the hearing evidence showed that that date was well publicized, the meeting was attended by over 200 congregants and there is no evidence that a member was prevented from voting due to lack of notice (cf. Matter of Kaminsky, 251 App Div 132, 137-139 [1937], affd 277 NY 524 [1938]). The individuals who voted at the meeting were members of the corporation within the meaning of Religious Corporations Law § 195, the applicability of which is mandated by Religious Corporations Law § 2-b (1) (a). Petitioners presented extensive evidence that those who attended the meeting and voted were regular worshipers who contributed financially to the mosque. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Gonzalez and Sweeny, JJ.