*542 In an action, inter alia, for a judgment declaring that the plaintiff Mendel Schwimmer and certain other individuals are the lawful members of the Board of Trustees of the United Talmudic Academy of Boro Park, the plaintiff Mendel Schwimmer appeals (1) from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated September 15, 2006, as granted that branch of the defendants’ cross motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction, and (2) from so much of an order of the same court dated December 6, 2006, as denied that branch of his motion which was for leave to renew his opposition to the defendants’ cross motion.
Ordered that the order dated September 15, 2006 is reversed insofar as appealed from, on the law, those branches of the defendants’ cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (2) and for failure to join necessary parties are denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPLR 1001 in accordance herewith; and it is further,
Ordered that the appeal from so much of the order dated December 6, 2006 as denied the plaintiff Mendel Schwimmer’s motion for leave to renew his opposition to the defendants’ cross motion is dismissed as academic in light of our determination on the appeal from the order dated September 15, 2006; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
This case concerns competing claims to control of the Board of Trustees of the United Talmudic Academy of Boro Park (hereinafter UTA-BP). UTA-BP is a religious corporation which, inter alia, maintains a school in Boro Park, Brooklyn, to provide *543 religious education to the children of the Satmar community of Chasidic Orthodox Jews. According to the plaintiff Mendel Schwimmer, at all relevant times, he served on UTA-BP’s three-member Board of Trustees (hereinafter the Board) with nonparty Chaim Friedman and the defendant Aron Welz, the school’s longtime administrator. Schwimmer claims that on April 7, 2005 he presided over a Board meeting attended by him and Friedman, but not Welz. At the meeting, Schwimmer was elected Board President, and an amended certificate of incorporation was adopted expanding the three-member Board to include six newly-elected members (hereinafter the Schwimmer Board). Three weeks later, Welz held a meeting at which a different nine-member Board allegedly was elected (hereinafter the Welz Board) and a certificate of amendment to the certificate of incorporation (hereinafter the certificate of amendment) and a corporate resolution were adopted, reflecting the new composition of the Board.
The plaintiffs subsequently commenced this action seeking, inter alia, a judgment declaring that the members of the Schwimmer Board were the lawful members and trustees of UTA-BR and that the certificate of amendment and the resolution adopted by the Welz Board were invalid. The plaintiffs also sought an accounting and challenged certain actions taken by Welz with respect to the management of the corporation and the administration of the school.
After the plaintiffs moved for a preliminary injunction, the defendants cross-moved to dismiss the entire complaint, inter alia, on the ground that it raised a nonjusticiable issue and failed to join necessary parties, in that the members of the Welz Boad, other than Welz, were not named as defendants. The Supreme Court dismissed the complaint, concluding that it was “constrained” to find that the case raised a nonjusticiable, religious controversy. We reverse the order insofar as appealed from.
On the record before us, we cannot conclude that the issues in this case are nonjusticiable. Membership on the Board is not conditioned upon any religious criteria, and the issues raised with respect to the challenged status of the various individuals claiming to be Board members concern only notice requirements, requisites for the conduct of Board meetings and elections, and requirements for amending corporate documents. These questions can be determined by reference to UTA-BP’s secular bylaws, and in accordance with neutral principles of law, such as those set forth in the Religious Corporations Law and the Not-For-Profit Corporation Law (see First Presbyt. Church *544 of Schenectady v United Presbyt. Church in US. of Am., 62 NY2d 110, 122-123 [1984], cert denied 469 US 1037 [1984]; Kelley v Garuda, 36 AD3d 593, 595 [2007]; Malankara Archdiocese of Syrian Orthodox Church in N. Am. v Thomas, 33 AD3d 887, 888 [2006]; Sillah v Tanvir, 18 AD3d 223, 224 [2005]). Although matters relating to the religious leadership of the community may explain why members of the Board took certain actions, the case turns not on the motivations of the Board members but on the actions they took as those actions relate to the relevant provisions of corporate governance and statute. Nor do the remaining causes of action appear, on the record presented, to turn on religious matters so as to render them nonjusticiable.
We have reviewed the defendants’ alternative contention that the branch of the defendants’ cross motion which was to dismiss the complaint for failure to join necessary parties should have been granted (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539 [1983]; Wright v Meyers & Spencer, LLP, 46 AD3d 805 [2007]). CPLR 1001 (a) provides that “[p]ersons . . . who might be inequitably affected by a judgment in the action” are necessary parties whose joinder is required. Although we conclude that the corporation is not a necessary party (cf Brown v Brown, 143 AD2d 248, 249 [1988]), the individuals on the Welz Board are necessary parties because, if the court were to find invalid the certificate of amendment naming them as members of the Board, they would lose their positions (see Matter of Lodge v D’Aliso, 2 AD3d 525, 526 [2003]). The proper remedy for the failure to join the other members of the Welz Board, however, is not dismissal. “When a person who should be joined under subdivision (a) has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned” (CPLR 1001 [b]; cf. Matter of Red Hook/ Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452, 459 [2005]). In the present case, the defendants have not alleged that the other members of the Welz Board are not subject to the jurisdiction of the court or that their joinder cannot be accomplished (cf. Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 819 [2003], cert denied 540 US 1017 [2003]; Matter of Long Is. Contractors’ Assn, v Town of Riverhead, 17 AD3d 590, 594 [2005]). Thus, the proper remedy is to direct their joinder (see CPLR 1001 [b]; cf. County of Westchester v Anderson, 237 AD2d 480, 481 [1997]). Spolzino, J.R, Fisher, Garni and Dickerson, JJ., concur.