GEETA TEMPLE-ASHRAM et al., Appellants, v SWAMI SATYANANDJI et al., Respondents. [923 NYS2d 664]—

In an action, inter alia, for a judgment declaring that the defendant Swami Satyanandji is not the spiritual leader of Geeta Temple-Ashram, and declaring that Geeta Temple-Ashram's legitimate board of trustees comprises the individual plaintiffs, Suresh Kapoor, Dilip Tolat, Vinod Goel, and Sharad Agarwal, and nonparty Vijay Gupta, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated April 23, 2010, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint for lack of standing and denied, as academic, their separate motions for a preliminary injunction and to hold the defendants and certain nonparty witnesses in contempt of court.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the defendants' cross motion which were for summary judgment dismissing the second, third, and fourth causes of action for lack of standing, and substituting therefor a provision denying those branches of the cross motion, and (2) by deleting the words "as academic" from the provision thereof denying the plaintiffs' separate motions for a preliminary injunction and to hold the defendants and certain nonparty witnesses in contempt of court; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties are associated with Geeta Temple-Ashram (hereinafter Geeta), a religious corporation organized in 1972, which owns a Hindu Temple in Elmhurst, Queens (hereinafter the Temple). The parties agree that Swami Jagdishwaranandji (hereinafter Swami J) served as Geeta's spiritual leader from 1972 until his death in December 2005. However, following the death of Swami J in 2005, two rival factions asserted control over the Temple's property, finances, and religious leadership.

The plaintiffs allege, inter alia, that defendant Swami Satyanandji (hereinafter Swami S) began conducting religious functions at the Temple after Swami J passed away, but they deny that Swami S was ever appointed spiritual leader of the Temple. They further allege that Swami S and his supporters transferred, without authority, a percentage of Geeta's funds to certain individuals in India.

The plaintiffs commenced this action against Swami S and the individuals he purportedly appointed as Geeta's new board. In their first cause of action, the plaintiffs sought a declaration that Swami S is not the spiritual leader of Geeta. The second cause of action sought a declaration that the appointment of the new board of trustees was null and void and a declaration that Geeta's legitimate board comprises the individual plaintiffs and nonparty Vijay Gupta. The third cause of action sought to enjoin the defendants from interfering with or exercising dominion and control over property of Geeta, and the fourth cause of action was for an accounting. The defendants cross-moved, inter alia, for summary judgment dismissing the complaint based upon the plaintiffs' alleged lack of standing.

The Supreme Court concluded, inter alia, that Geeta was not properly formed as a corporation under the Religious Corporations Law and because "the certificate of incorporation and the bylaws fail to provide for trustees, the individual plaintiffs lack standing to prosecute this action on behalf of the corporation as trustees [and] the individual plaintiffs cannot demonstrate the

1160

existence of a [justiciable] controversy as to who may be a trustee of the corporation." The Supreme Court thus granted that branch of the defendants' cross motion which was to dismiss the complaint. The court also denied, as academic, the plaintiffs' motions for a preliminary injunction and to hold the defendants and the nonparty witnesses in contempt. We modify.

A party moving for summary judgment must establish a prima facie case of its entitlement to judgment as a matter of law by tendering evidentiary proof in admissible form which demonstrates the absence of any issue of triable fact (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Although the Supreme Court correctly found that the subject certificate of incorporation failed to fully comport with Religious Corporations Law § 180, nevertheless, under the particular facts of this case, we find that the Supreme Court improperly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Although Geeta's certificate of incorporation (hereinafter the certificate) describes the corporation as one formed "pursuant to . . . the Not-for-Profit Corporation Law," it also states that it is "a religious corporation [formed] to promote the philosophy of Bhagvad Gita." In addition, the certificate contains the signature of a Justice of the Supreme Court, a condition of the Religious Corporations Law, but not a condition for the formation of a not-for-profit corporation (*see* Religious Corporations Law § 180; N-PCL 402). Moreover, a review of the certificate's provisions reveals, that it is, in effect, a hybrid of the relevant criteria of both the Religious Corporations Law and the N-PCL regarding corporation formation. It is also undisputed that Geeta was intended to be a religious corporation and, in fact, carried on under the assumption that it was a religious corporation, that Geeta was a place of worship and did not receive any money in the form of stock or otherwise, and that Geeta regularly solicited and received donations in the donation boxes.

Given these circumstances, Geeta may be considered a "de facto" religious corporation in accordance with the Religious Corporations Law (*see Kroth v Congregation Chebra Ukadisha Bnai Israel Mikalwarie*, 105 Misc 2d 904 [1980]; *Kittinger v Churchill*, 161 Misc 3 [1936], *affd* 249 App Div 703 [1936]; *see also Matter of Hausman*, 13 NY3d 408 [2009]). Moreover, there are unresolved issues of fact regarding whether the individual plaintiffs constitute the validly appointed board of trustees of Geeta. Thus, the defendants did not meet their prima facie burden of entitlement to judgment as a matter of law on the

basis that the plaintiffs lacked standing under the Religious Corporations Law to commence this action (*see U.S. Bank N.A. v Pia*, 73 AD3d 752, 753 [2010]; *Taub v Balkany*, 286 AD2d 491 [2001]; *see also Out of Box Promotions, LLC v Koschitzki*, 55 AD3d 575, 576-577 [2008]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In this regard, we also note that the issue does not "require[ ] intrusion into constitutionally protected ecclesiastical matters" (*Esformes v Brinn*, 52 AD3d 459, 462 [2008], quoting *Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 9 NY3d 282, 288 [2007]). As the issue of standing can be determined based on neutral principles of law, judicial involvement is permitted (*see Esformes v Brinn*, 52 AD3d at 462; *Sillah v Tanvir*, 18 AD3d 223 [2005]; *see also Rector, Churchwardens & Vestrymen of Church of Holy Trinity v Melish*, 3 NY2d 476 [1957]; *Kelley v Garuda*, 36 AD3d 593 [2007]; *cf. Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 9 NY3d 282 [2007]).

However, the Supreme Court properly determined that the first cause of action was subject to dismissal. Determining who is Geeta's spiritual leader would necessarily implicate ecclesiastical issues and could not be resolved solely upon the application of neutral principles of law (*see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 9 NY3d at 288; *Esformes v Brinn*, 52 AD3d at 459-460; *cf. Rector, Churchwardens & Vestrymen of Church of Holy Trinity v Melish*, 3 NY2d 476 [1957]).

The plaintiffs' motion for a preliminary injunction was properly denied, although, in light of our conclusion herein, it is not academic. "A party seeking the drastic remedy of a preliminary injunction has the burden of demonstrating, by clear and convincing evidence, (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of the equities in the movant's favor" (*Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840, 844 [2009]; *see Shasho v Pruco Life Ins. Co. of N.J.*, 67 AD3d 663, 665 [2009]; *Matter of Related Props., Inc. v Town Bd. of Town/Vil. of Harrison*, 22 AD3d 587, 590 [2005]). Here, the plaintiffs failed to satisfy their burden of demonstrating irreparable injury if the preliminary injunction is not granted (*see Kohn v Friedman*, 71 AD3d 1095, 1096 [2010]; *Liotta v Mattone*, 71 AD3d 741, 741 [2010]; *Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d at 844 [2010]; *Neos v Lacey*, 291 AD2d 434 [2002]). The plaintiffs' separate motion seeking to hold the defendants and the nonparty witnesses in contempt should have also been denied on the merits.

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.