# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1310**
**CA 15-01031**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

SANTOKH S. BADESHA, SUDARSHAN S. BAINS,
BHOOPINDER S. MEHTA, HARBHAJAN S. PUREWAL,
MAGHAR S. CHANA, RAJDEEP K. CHEEMA, AS MEMBERS
OF BOARD OF TRUSTEES OF GURUDWARA OF ROCHESTER,
AND GURUDWARA OF ROCHESTER, A CORPORATION
ORGANIZED AND EXISTING UNDER RELIGIOUS
CORPORATION LAW OF STATE OF NEW YORK,
PLAINTIFFS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

PARMINDER S. SOCH, MANDEEP (MAKHAN) SINGH, AJAY
SINGH, PUSHPINDER ANEJA, GURRINDER S. BEDI, IN
HIS CAPACITY AS A MEMBER OF EXECUTIVE COMMITTEE
GURUDWARA OF ROCHESTER, DAMAPAUL SONDHI AND
SANDEEP S. GREWAL, IN THEIR CAPACITIES AS
PURPORTED AUDITORS OF GURUDWARA OF ROCHESTER,
DEFENDANTS-APPELLANTS.

---

HARRIS BEACH PLLC, PITTSFORD (MICHAEL J. MASINO OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from a judgment (denominated decision) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered November 14, 2014. The judgment, inter alia, declared that the Board of Trustees of Gurudwara of Rochester is a self-perpetuating board under article 9 of the Religious Corporations Law.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, judgment declaring that the Board of Trustees (Board) of plaintiff Gurudwara of Rochester (GOR) is a self-perpetuating board under article 9 of the Religious Corporations Law. Defendants, by their second counterclaim, sought judgment declaring, inter alia, that GOR is incorporated under article 10 of the Religious Corporations Law, and that the Board is not self-perpetuating and must be elected pursuant to the GOR constitution. When this case was previously before us on appeal, we affirmed an order denying plaintiffs' motion and defendants' cross motion for summary judgment (*Badesha v Soch*, 104

AD3d 1268).  Supreme Court thereafter conducted a nonjury trial and granted, inter alia, judgment in favor of plaintiffs for the relief sought in the complaint.  We affirm.

It is undisputed that, although GOR was incorporated in 1983 under the Not-for-Profit Corporation Law, it was intended to be a religious corporation and operated as such.  Thus, it "may be considered a 'de facto' religious corporation" (*Temple-Ashram v Satyanandji*, 84 AD3d 1158, 1160).  The Board, however, did not comply with the formalities for incorporation under article 9 of the Religious Corporations Law, nor did it meet the requirements for incorporation under article 10 of the statute.

The focus of the parties' dispute at trial was whether GOR was intended to, and did in fact, operate with a self-perpetuating board pursuant to article 9 or an elected board pursuant to article 10.  Contrary to defendants' contention, the record supports the court's conclusion that the type of governance intended and effectuated by the founders of GOR was a self-perpetuating board and, thus, GOR operated as a de facto religious corporation under article 9 of the Religious Corporations Law (*see generally Matter of Venigalla v Nori*, 11 NY3d 55, 62, *rearg denied* 11 NY3d 774).  Although GOR had a constitution that contemplated elections and democratic governance, the weight of the evidence supports the court's conclusion that the Board did not adhere to the requirements of the constitution in practice (*see id*.).

We reject defendants' further contention that they are entitled to a new trial based upon the court's allegedly erroneous evidentiary rulings.  The court properly excluded testimony proffered by defendants concerning the tenets and principles of the Sikh religion, inasmuch as it was required to resolve the parties' dispute without inquiring into Sikh religious doctrine (*see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana*, 9 NY3d 282, 286-287).  Testimony concerning an unrelated Sikh gurudwara was also properly excluded as having no relevance to the issue whether GOR is a religious corporation under article 9 or article 10 of the Religious Corporations Law (*see generally Morris v Patane*, 39 AD3d 1054, 1055).

Entered:  February 11, 2016                      Frances E. Cafarell
                                                 Clerk of the Court